[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION 
The court hereby responds to Defendant's Motion for articulation undated but certified to counsel on September 25, 1998.
 1. The objections were vague and overly broad and appeared to be "standard" objections.
 2. The interrogatories request facts which appear to be admissible; i.e., #1, what was the material misrepresentation. This is what the defendant claims Lombardi made, and will have to be (disclosed) introduced at trial to sustain the special defense. Therefore, how can it be protected by attorney/client privilege or CT Page 12179 contain the mental impressions of counsel? i.e., #2 simply seeks the address defendant claims as Lombardi's actual residential address and the factual basis for such claim. This information will have to be produced at trial by the defendant. The court does not see how this factual information can be protected by attorney/client privilege or contain the mental impressions of counsel. If it is clearly not, then the question is the good faith of the objection. i.e., #3 et seq. as to being more appropriate for a deposition. There is no requirement that plaintiff depose the individuals familiar with the facts. It is up to the defendant's counsel to obtain this information from the client's employees and provide same to the plaintiff.
The court will not address every interrogatory or production request. The objections are essentially the same and the above gives a sufficient basis for the court's decision.
These motions were presented to the court as non-arguable. Even though notices of intent to argue are filed, it is common for the motions later to be called in as nonarguable. However, if the defendant now seeks oral argument, please schedule same with the court's clerk, Michelle Fields.
Rittenband, J.